IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN CARROLL, ESQ., AS : | |
| ADMINISTRATOR DBN-CTA OF THE : | |
| ESTATE OF LEONARD J. MOSKOWITZ, : | |
| DECEASED : | CIVIL ACTION |
| Plaintiff, : | No. 15-01720 |
| v. : | |
| BERNICE S. FEIN and MICHAEL B. FEIN : | |
| Defendants. : | |

MCHUGH, J.                                                                                       September 27, 2016

### MEMORANDUM

This case involves a dispute over the assets of an estate. Plaintiff Stephen Carroll is an attorney appointed by court order to serve as the Administrator of the Estate of Leonard J. Moskowitz. Mr. Carroll was appointed by the Orphans' Court Division of the Delaware County Court of Common Pleas because of concerns about transfers of assets both before and after the death of Mr. Moskowitz. Plaintiff claims that Defendant Michael Fein abused his authority as the holder of a Power of Attorney (POA) for the late Mr. Moskowitz when he transferred ownership of certain assets from Mr. Moskowitz to his mother, Defendant Bernice Fein,[1] and himself. Plaintiff further contends that both Mr. Fein (an attorney) and his mother wrongfully converted assets of the estate. The claims raised here essentially mirror those being pursued in Orphans' Court, albeit under different legal theories.

Despite some hesitation because of the pending state court proceedings, I granted the parties leave to conduct discovery. As this matter proceeded, the underlying state case

---

[1] Ms. Fein herself has passed during the pendency of this action, but her estate has not yet been substituted as a party.

1

progressed as well, to the point where the Pennsylvania Superior Court has issued a ruling affirming the initial decision by the Orphans' Court. Both parties now move for summary judgment - Plaintiff seeking preclusive effect from the state court ruling, and Defendants arguing that the estate's legal claims are time-barred and that no equitable remedy is available in this court.

It seems clear that to a great extent this case is in the nature of a protective action, with the estate seeking to blunt Defendants' arguments that the Orphans' Court lacked the power to grant the relief Plaintiff sought. With the state court proceedings at an advanced stage, including the decision from the Superior Court, I am convinced that the prudent course as of this point is to abstain from further rulings, and place this action in suspense until termination of the related action.

This is an unusual case for a federal court sitting in diversity. The Orphans' Court has already ordered Defendants to return all wrongfully transferred assets to the estate—precisely the relief that Plaintiff seeks from this Court based on his unjust enrichment claim. At first blush, this would seem to dispose of the matter because "[i]f full relief is accorded by another tribunal[,] . . . a proceeding seeking the same relief is moot." 13B Wright, A. Miller and E. Cooper, Fed. Prac. & Proc. Juris. § 3533.2.1 (3d ed.). But Defendants continue to appeal the Orphans' Court order, and, under federal practice, the appeal of a final judgment in a parallel state proceeding is sufficient to avoid dismissal on mootness grounds of claims for the same relief in federal court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, n.7 (2005).

In placing this matter in civil suspense, I am guided by Third Circuit decisions that have counseled deference to Orphans' Court proceedings under similar circumstances. In *Reichman v.*

*Pittsburgh National Bank*, concerns about comity, federalism, and judicial efficiency led the Court of Appeals to uphold a district court's abstention from a suit against trustees when an identical claim was pending in a parallel Orphans' Court proceeding. 465 F.2d 16 (3d Cir. 1972). *See also Ryan v. First Pa. Banking & Trust Co.*, 519 F.2d 572 (3d Cir. 1975) (applying *Reichman* to uphold a district court's abstention under similar circumstances). The *Reichman* court based its holding on three grounds. First, the court noted "the substantial identity of the issues raised" in federal and state court. 465 F.2d at 18. Next, the court cited "the special ability of the Orphans' Court to decide those issues in view of its exclusive state jurisdiction over trusts and estates." *Id.* Finally, the court concluded that "efficiency and convenience would best be served" by allowing the matter to proceed in Orphans' Court. *Id.*

I find that the policy rationales articulated in *Reichman* are applicable here. As in *Reichman*, Plaintiff's action in federal court raises substantially identical legal issues as his action for accounting in Orphans' Court. Specifically, both forums must consider whether Plaintiff's claim is time-barred and whether equitable relief is available notwithstanding the existence of a legal damages remedy. Also as in *Reichman*, these issues arise out of a matter committed to the Orphans' Court's exclusive state jurisdiction—in this case, a fiduciary breach by an agent acting under a POA.[2] Therefore, rather than muddy the already clouded waters of this case by deciding matters within the Orphans' Court's "special expertise," I heed the Third Circuit's guidance and defer to the state court proceeding.

Finally, as in *Reichman*, the interests of efficiency and convenience are best served by allowing the state court proceeding to run its course. As previously noted, Plaintiff seeks the

---

[2] *Reichman* concerned a suit against trustees while this case involves a suit against an agent acting under a POA. Pennsylvania law grants the Orphans' Court exclusive jurisdiction over both trusts and agents acting under POA. *See* 20 Pa. Cons. Stat. Ann. § 711.

return of the same assets in state and federal court.  The Orphans' Court has already enjoined Defendants from transferring, disbursing, or otherwise dissipating all wrongfully acquired securities and real property, ordered these assets returned to the estate, and threatened a writ of attachment pending Defendants' appeal.  It is unclear what relief I could grant without either interfering with the Orphans' Court's ongoing control over the assets at issue, or risking Plaintiff recovering twice for what amounts to the same cause of action.  Under these circumstances, the potential for conflict between federal and state tribunals is high and deference to the state court proceeding is therefore warranted.

    Rulings on the cross motions will be deferred, and this matter will be placed in civil suspense pending resolution of the related state court action.

/s/ Gerald Austin McHugh  
United States District Judge
